IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEE ALEXANDER,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| **v.** | : | |
| | : | |
| **PROGRESSIVE ADVANCED** | : | |
| **INSURANCE CO. and JACOB SECORE,** | : | |
| *Defendants*. | : | **NO.  24-cv-00704** |

<u>**MEMORANDUM**</u>

**KENNEY, J.**                                                                                                                **JUNE 24, 2024**

## I.    INTRODUCTION

Plaintiff Lee Alexander seeks to prosecute a class action against Defendants Progressive Advanced Insurance Company ("Progressive") and Jacob Secore, asserting that after Secore negligently collided with Alexander's car, Progressive should be liable for diminution in value damages. Progressive moved to dismiss each count. For the reasons stated below, the Court will grant Progressive's motion.

## II.   FACTUAL BACKGROUND

This case arises from simple facts. Defendant Jacob Secore and Plaintiff Lee Alexander were involved in a motor vehicle accident. ECF No. 1, Ex. A ("Complaint") ¶ 25. Alexander made a third-party claim to recover from Secore's insurance company, Progressive. *Id.* ¶ 26. After conducting an investigation, Progressive concluded that Secore was at fault for the accident, and provided an estimate of $2,690.75 for the repairs that it would cover. *Id.* ¶ 28. Alexander brought his vehicle to a repair shop, which fixed the damages for $3,098.33. *Id.* ¶ 31. Progressive paid that sum of money directly to the auto shop on Alexander's behalf. *Id.* Alexander, however, was not

1

satisfied with just the repair. He hired an outside appraisal company to determine how much value his vehicle had lost, even after being repaired, simply by virtue of being in an accident. *Id.* ¶ 33. The appraisal company concluded that the vehicle had lost $5,228.18 in value, which Alexander then demanded from Progressive. *Id.* Progressive denied the claim, and Alexander brought this lawsuit in the Philadelphia County Court of Common Pleas seeking to compel Progressive to cover diminution in value damages. *Id.* ¶ 36. Alexander's complaint brought several claims to the same effect, all seeking slightly different forms of relief for Progressive's failure to cover diminution in value damages, including Count I (Declaratory Judgment), Count II (Breach of an Implied-in-Fact Contract), Count III (Breach of an Express Contract), Count IV (Negligence), Count V (Breach of Express Warranty), and Count VI (Violation of Magnuson-Moss Consumer Products Warranties Act). With the exception of Count IV, which is brought only against "Defendant Secore and the Defendant Class," all other counts are brought solely against Progressive. *See id.* at 18.

The repair estimate, which Alexander purports to be the contract at issue, reads in relevant part as follows:

> The replacement parts written on the estimate are intended to return your vehicle to its pre-loss condition with proper installation. After repair, if any sheet metal or plastic body part included in the estimate fails to return your vehicle to its pre-loss condition (assuming proper installation), in terms of form, fit, finish, durability or functionality, Progressive will arrange and pay for the replacement of the part, to the extent not covered by a manufacturer's or other warranty. This service will be performed at no cost to you (including associated repair and rental car costs). To obtain service under this Guarantee, call Progressive at 1-800-274-4641. This Guarantee applies as long as you own or lease the vehicle. This Guarantee is not transferable and terminates if you sell or otherwise transfer your vehicle.
>
> This guarantee does not cover normal wear and tear or damage caused by improper maintenance, neglect, abuse or subsequent accident. This guarantee is limited to arranging for the selection of repair parts that will return your vehicle to its pre-loss condition. Accordingly, Progressive will not be liable for any indirect, incidental or consequential damages that result from the installation or use of these parts.

Complaint, Ex. A. Progressive removed the case to federal court under the Class Action Fairness Act ("CAFA"), which allows for federal jurisdictions over class actions with minimal diversity, as long as the proposed class has at least 100 members and the amount in controversy is at least $5,000,000. *See* 28 U.S.C. § 1332(d); ECF No. 1. Alexander moved to remand, arguing that the case fit CAFA's local controversy exception. ECF No. 13. The Court denied the motion since the case did not fit the technical requirements of the narrow exception. ECF No. 20. Secore filed an Answer to the Complaint on April 8, 2024. ECF No. 19. Alexander filed the instant motion to dismiss, which is now fully briefed. ECF Nos. 14, 21, 24.

### III. STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010)) (internal quotation marks omitted). To plead a facially plausible claim, the plaintiff must plead factual content that allows the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts as true the factual allegations contained in the complaint but disregards rote recitals of the elements of a cause of action, legal conclusions, and conclusory statements. *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012).

A breach of contract claim can be resolved on a motion to dismiss "if the claims under which the plaintiff seeks relief are barred by the unambiguous terms of a contract attached to the pleading, because the interpretation of an unambiguous contract is a matter of law for the court." *Calvitti v. Anthony & Sylvans Pools Corp.*, 2008 WL 11451228, at *2 (E.D. Pa. June 3, 2008) (internal citation omitted); *see also Haskins v. Point Towing Co.*, 421 F.2d 532, 536 (3d Cir.

1970) ("construction of a contract is question of law for the court to decide, and when clear and unambiguous language is at issue, it is reversible error to leave such questions for the jury."). A contract is unambiguous if it is "capable of only one objectively reasonable interpretation." *Clemens v. ExecuPharm, Inc.*, 678 F. Supp. 3d 629, 637 (E.D. Pa. June 22, 2023) (quoting *Baldwin v. UPMC*, 636 F.3d 69, 76 (3d Cir. 2011)).

IV. **DISCUSSION**

    a. **Declaratory Judgment**

Alexander first seeks a declaratory judgment, asking the Court to declare that diminution in value damages are permissible under Pennsylvania law and should be paid by Progressive. Complaint at 13-15. Defendants object, arguing that Alexander's declaratory judgment claim is impermissibly duplicative of his breach of contract and injunctive relief claims. ECF No. 14-1 at 4-6.

The Court will not reach the substantive issues raised by the parties, because Alexander does not have standing to bring a declaratory judgment claim against Progressive in the first instance. This precise question has been addressed numerous times in this district, and courts have repeatedly concluded that "an injured third party affirmatively seeking a declaratory judgment against an insurer lacks standing to do so." *Joseph Oliver Const., LLC v. Utica First Ins. Co.*, 2020 WL 3791564, at *5 (E.D. Pa. July 7, 2020).

A declaratory judgment action seeks to, "[i]n a case of actual controversy within its jurisdiction, . . . declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. To satisfy prudential standing principles, "a plaintiff must show, among other things, that she is asserting her 'own legal interests rather than those of third parties.'" *Carrasquillo v. Kelly*, 2018 WL 1806871, at *2 (E.D. Pa. Apr. 17, 2018) (quoting *Philips Petroleum Co. v. Shutts*, 472 U.S. 797, 804 (1985)). Here, however, Alexander was not a party to

4

the Progressive-Secore insurance policy, nor did he allege he had been assigned any of Secore's rights under the policy. *See Joseph Oliver Const.*, 2020 WL 3791564, at *5. Instead, he is effectively seeking a declaration about how Progressive is required to cover Secore, rather than what Progressive must do for him. *Id.; see also Mager v. Travelers Home and Marine Ins. Co.*, 2020 WL 211548, at *4 (E.D. Pa. Jan. 14, 2020) ("as a third-party plaintiff to the insurance policy at issue, [plaintiff] has not demonstrated that she has standing to seek declaratory judgment in this lawsuit as a matter of federal common law.").

### b. Breach of Implied-in-Fact and Express Contract

Alexander's next claim is one for damages, alleging that Progressive made either an implied or express contract with him that it would pay the diminution in value damages along with the repairs. Complaint at 15-18. Progressive responds that the repair estimate does not constitute an express or implied contract, and even if it did, the estimate cannot be read to include coverage for diminution in value damages. ECF No. 14-1 at 7-11.

Under Pennsylvania law, a party alleging breach of contract "must establish '(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages.'" *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003) (quoting *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)). "The essential elements of breach of implied contract are the same as an express contract, except the contract is implied through the parties' conduct, rather than expressly written." *Enslin v. The Coca-Cola Co.*, 136 F. Supp. 3d 654, 675 (E.D. Pa. 2015) (citing *Highland Sewer & Water Auth. v. Forest Hills. Mun. Auth.*, 797 A.2d 385, 390 (Pa. Commw. Ct. 2002)). Since express and implied contracts are merely alternative ways of demonstrating that a contract exists, "[t]here cannot be an implied-in-fact contract if there is an express contract that covers the same subject matter." *Baer*

*v. Chase*, 392 F.3d 609, 616-17 (3d Cir. 2004). Thus, the two breach of contract claims are pleaded in the alternative and only one, at most, can be successful.

In Alexander's telling, Progressive's offer to compensate him for damage to his vehicle (including diminution in value damages) coupled with Alexander's agreement to forgo seeking damages from its insured in exchange, constitutes an implied contract. ECF No. 1, Ex. A at ¶¶ 58-60. Alexander purports that the express contract is the repair estimate attached to the Complaint as Exhibit A, which estimates the costs of repairing Alexander's vehicle.

Assuming, without deciding, that either type of contract exists, Alexander has not properly pleaded breach of either an implied or express contract.[1] Alexander asserts that the breach occurred since the repair estimate stated that "the repair parts that will return your vehicle to its pre-loss condition," and Progressive failed to compensate him for diminution in value damages. ECF No. 21 at 15. Therefore, Alexander asserts that merely replacing the damaged parts does not fulfill the terms of the contract. *Id.*

There is no ambiguity in the repair estimate. The estimate states that it would "arrang[e] for the selection of *repair parts* that will return your vehicle to its pre-loss condition" and specifies that "[t]he replacement parts written on the estimate are intended to return your vehicle to its pre-loss condition." Complaint, Ex. A (emphasis added). The estimate also provides that if the parts are not satisfactory "in terms of form, fit, finish, durability[,] or functionality," Progressive will replace the parts again. *Id.* The plain and unambiguous language clearly refers only to the replacement of auto parts, and not any diminution in value damages. Supporting this interpretation, the rest of the estimate consists of an analysis of each part of the car, whether it needs to be

---

[1] The parties focus their arguments on contract breach, rather than formation. Because the dispute can be resolved on the basis of failure to plead breach alone, the Court will assume, without deciding, that a contract was formed for the purposes of this decision.

6

replaced, and the price of replacement; there is no analogous calculation of diminution in value damages. *Id.*

Put plainly, the terms of the estimate state that Progressive will pay for new repair parts, which will return the vehicle to its condition prior to the collision. Per the estimate, returning the vehicle to its pre-loss condition is premised solely on the replacement of damaged parts. There is no way to provide repair parts that will make up for the diminution in value, since diminution in value is independent of the status of any specific part in the vehicle. That is, even if the repair parts were perfectly replaced, Progressive would still owe Alexander additional money for diminution in value damages. The estimate clearly does not contemplate Progressive providing additional cash to compensate for diminution in value. No reasonable reading of the estimate supports a theory that Alexander could recover repair parts *and* additional value.

Alexander's interpretation tortures the plain meaning of the words in the repair estimate to conjure up additional money he is owed. Since the words of the estimate contain only one possible interpretation, Alexander's breach of express contract claim will be dismissed. Alexander's implied contract claim is likewise dismissed since he points to no facts suggesting that the parties' conduct implied a contract that would obligate Progressive to pay for diminution in value damages in addition to repair parts. If the repair estimate was not itself a contract but merely evidence of an implied contract, nothing in the estimate or the parties' course of dealing would require Progressive to pay diminution in value damages.

### c. Injunctive Relief

As part of his declaratory relief claim, Alexander seeks injunctive relief "to prevent Progressive from denying otherwise valid claims for an automobile's loss in value following an accident where a vehicle sustained damage caused by a Progressive insured." Complaint at 15.

Defendants contend that injunctive relief is inappropriate since an adequate remedy at law exists here. ECF No. 14-1 at 5-6. In his opposition brief, Alexander characterizes his request for injunctive relief as not an independent count, but rather a "remed[y] available to them should the Court find, pursuant to their breach of contract claim, that [Defendant] is obligated to contractually provide the requested [relief]." ECF No. 21 at 11 (quoting *In re Lincoln Nat'l COI Litig.*, 269 F. Supp. 3d 622, 638-39 (E.D. Pa. 2017)). Regardless of which way Alexander characterizes this request for relief, it is insufficient.

A preliminary injunction is appropriate where "irreparable injury will result if this relief is not granted prior to the final adjudication of the claim on their merits and [Plaintiff] [] show[s] a reasonable probability of success on the merits and that the possible harm to the opposing party is minimal." *Panayotides v. Rabenold*, 35 F. Supp. 2d 411, 417 (E.D. Pa. 1999). Irreparable harm "must be of a peculiar nature, so that compensation in money cannot atone for it." *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987) (quotations omitted). A preliminary injunction is only appropriate in a breach of contract case under certain circumstances, namely:

> (1) where the subject matter of the contract is of such a special nature [or] of peculiar value that damages would be inadequate; or (2) where because of some special and practical features of the contract, it is impossible to ascertain the legal measure of loss so that money damages are impracticable.

*Home Line Furniture Indus. Inc. v. Banner Retail Mktg., LLC*, 630 F. Supp. 2d 527, 540 (E.D. Pa. 2009) (quoting *ECRI*, 809 F.2d at 226). Under either theory of injunctive relief, Alexander's claims fall short. If this claim is pursued as a typical preliminary injunction, Alexander has precisely quantified the amount of his alleged loss down to the cent, refuting the claim that is harm is irreparable. *See* Complaint ¶ 33 (stating that "$5,228.18 was [] necessary to return Plaintiff's vehicle to its 'pre-loss condition.'"). A garden variety breach of contract claim for a specified sum does not fall into either of the two categories which would make a preliminary injunction

appropriate in a breach of contract case. On the other hand, if injunctive relief is merely a remedy for a successful claim, that is of no moment here since Alexander's breach of contract claims are dismissed.

### d. Breach of Express Warranty

Alexander contends that Progressive's guarantee to "return [his] vehicle to its pre-loss condition" constitutes an express warranty which Progressive then breached by failing to provide diminution in value damages. Complaint, Ex. A. Progressive contends that it did not breach the express warranty for the same reasons discussed in the breach of contract section.

Assuming, without deciding, that an express warranty existed, Alexander has not pleaded that Progressive breached it, for similar reasons that Alexander's breach of contract claim failed. The ostensible warranty language more fully reads as follows:

> The replacement parts written on the estimate are intended to return your vehicle to its pre-loss condition with proper installation. After repair, if any sheet metal or plastic body part included in the estimate fails to return your vehicle to its pre-loss condition (assuming proper installation), in terms of form, fit, finish, durability or functionality, Progressive will arrange and pay for the replacement of the part, to the extent not covered by a manufacturer's or other warranty.

*Id*. The language of the warranty provides that if replacement car parts, specifically sheet metal or plastic body parts, fail to return the vehicle to its pre-loss condition "in terms of form, fit, finish, durability[,] or functionality," then Progressive will pay to replace that part again. *Id.* The terms of this warranty clearly contemplate replacing specific parts of the vehicle such that the vehicle would be in the physical condition it was prior to the collision. Just as in the breach of contract claim, there is no reasonable reading of this warranty that would somehow require the replacement of parts that would increase the car's value over and above the worth of the car itself.

### e. Magnuson-Moss Warranty Act

9

The Magnuson-Moss Warranty Act ("MMWA") provides "a private right of action in federal court for consumers who are 'damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation . . . under a written warranty, [or] implied warranty.'" *Argabright v. Rheem Mfg. Co.*, 201 F. Supp. 3d 578, 600 (D.N.J. 2016) (quoting 15 U.S.C. § 2310(d)(1)). An MMWA claim "relies on the underlying state law claim," so where the state claim is dismissed, the MMWA claim is dismissed as well. *Johansson v. Central Garden & Pet Co.*, 804 F. Supp. 2d 257, 265 (D.N.J. 2011). Since the breach of warranty claim has been dismissed in this case, dismissal of the MMWA claim is likewise required. *See Cooper v. Samsung Elecs. Am., Inc.*, 374 F. App'x 250, 254 (3d Cir. 2010) (affirming dismissal of MMWA claim that was "based upon [plaintiff's] state law claims of breach of express and implied warranties.").

V.   **CONCLUSION**

For the foregoing reasons, Progressive's Motion to Dismiss (ECF No. 14) is **GRANTED,** and all claims against Progressive are dismissed.[2] An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**

---

[2] As Secore did not file a motion to dismiss and filed an Answer to the Complaint (ECF No. 19), the case will proceed as to Alexander's negligence claim against Secore.