IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEE ALEXANDER,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| **JACOB SECORE,** | : | |
| *Defendant* | : | **NO. 24-cv-00704** |

**MEMORANDUM**

**KENNEY, J.**                                                                                                     **DECEMBER 23, 2024**

## I. INTRODUCTION

Before the Court is a negligence claim arising from a motor vehicle accident between Defendant Jacob Secore ("Defendant" or "Secore") and Plaintiff Lee Alexander ("Plaintiff" or "Alexander"). ECF No. 1, Ex. A ¶25 ("Complaint"). Plaintiff seeks diminution in value damages not only from Defendant, but also the "Defendant Class." *Id.* ¶¶ 69-73. Defendant moved for judgment on the pleadings and to strike Plaintiff's class action claim. ECF No. 36 (the "Motion"). For the reasons stated below, the Court will grant Defendant's Motion for Judgment on the Pleadings.

## II. FACTUAL BACKGROUND

This case arises from simple facts that were presented in detail previously by the Court. ECF No. 25 at 1-3. In summary, Secore and Alexander were involved in a motor vehicle accident. ECF No. 1-1, Compl. ¶ 25. Alexander made a third-party claim to recover from Secore's insurance company, Progressive Advanced Insurance Company ("Progressive"). *Id.* ¶ 26. After investigating, Progressive concluded that Secore was at fault for the accident and provided an estimate of $2,690.75 for covered repairs. *Id.* ¶ 28. Alexander brought his vehicle to a repair shop,

which fixed the damages for $3,098.33. *Id.* ¶ 31. Progressive paid that sum of money directly to the repair shop. *Id.* Alexander, however, was not satisfied with only the full repair. He hired an outside appraisal company to determine how much value his vehicle had lost, even after its full repair, simply by virtue of it being in an accident. *Id.* ¶ 33. The appraisal company opined that this particular vehicle had lost $5,228.18 in value, which Alexander then demanded from Progressive. *Id.* Progressive would not provide further compensation. *Id.* ¶¶ 36-38. Alexander, in response, then sued Secore, the Defendant class, and Progressive in the Philadelphia County Court of Common Pleas to recover the alleged loss value in addition to the cost of repairs already paid. *Id.* ¶ 41. Progressive and Secore then removed the matter to federal court pursuant to the Class Action Fairness Act of 2005. ECF No. 1 ¶¶ 1, 5.

Alexander's complaint brought several claims, all seeking slightly different forms of relief for Progressive's failure to cover diminution in value damages, including Count I (Declaratory Judgment), Count II (Breach of an Implied-in-Fact Contract), Count III (Breach of an Express Contract), Count IV (Negligence), Count V (Breach of Express Warranty), and Count VI (Violation of Magnuson-Moss Consumer Products Warranties Act). Except for Count IV, which is brought against "Defendant Secore and the Defendant Class," all other counts were brought solely against Progressive. *See* Compl. ¶¶ 52-90.

The Court dismissed all claims against Progressive such that the only remaining claim is Count IV (Negligence) against Defendant Secore and the Defendant Class. ECF No. 25 at 10. Progressive was terminated as a defendant of the case. ECF No. 26.

Secore filed the instant Motion for Judgment on the Pleadings and Motion to Strike Plaintiff's Class Allegations on October 15, 2024, which is now fully briefed. ECF Nos. 36, 41, 42. The Court heard Argument on the Motion on November 25, 2024. ECF No. 45.

### III.     PROCEDURE

Plaintiff challenges the procedural vehicles Defendant employs in the Motion, namely, that Federal Rule of Civil Procedure 12(c) does not permit the relief Defendant requests, ECF No. 41 at 5, and Rule 12(f) is unavailable to strike the class allegations, *id.* at 7.[1] The Court grants the Rule 12(c) motion for judgment on the pleadings.

Rule 12(c), or a motion for judgment on the pleadings, provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings will be granted [] if, on the basis of the pleadings, the movant is entitled to judgment as a matter of law. The court will accept the complaint's well-pleaded allegations as true, and construe the complaint in the light most favorable to the nonmoving party, but will not accept unsupported conclusory statements." *DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 262–63 (3d Cir. 2008) (citations omitted). "In deciding a Rule 12(c) motion, the court does not consider matters outside the pleadings." *Mele v. Fed. Reserve Bank of New York*, 359 F.3d 251, 257 (3d Cir. 2004).

Apart from a few procedural differences, the same standards apply as under Rule 12(b)(6). *See Turbe v. Gov't of the Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991).

> The Rule 12(c) motion may be employed by the defendant as a vehicle for raising several of the defenses enumerated in Rule 12(b) after the close of the pleadings. . . . In this context, Rule 12(c) is merely serving as an auxiliary or supplementary procedural device to determine the sufficiency of the case before proceeding any further and investing additional resources in it. Similarly, Rule 12(h)(3) states that whenever it appears that the federal court lacks jurisdiction over the subject matter the action may be dismissed, which, of course, means that the defense may be raised on a motion under Rule 12(c).

5C Wright & Miller, *Fed. Prac. & Proc. Civ.* § 1367 (3d ed. 2023).

---

[1] Plaintiff asserts that Rule 23(d)(1)(D) is the "only procedural vehicle for Secore's requested relief." ECF No. 41 at 8. The Court disagrees. *See generally* Timothy A. Daniels, *Challenging Class Certification at the Pleading Stage: What Rule Should Govern and What Standard Should Apply?*, 56 S. Tex. L. Rev. 241, 248 (2014) (cataloging the use of other approaches under Rule 12 to challenge class certification at the pleading stage in each circuit while arguing that Rule 23 *should* govern).

Plaintiff cites to assorted non-binding caselaw to support the assertion that Rule 12(c) is an improper procedural vehicle to challenge the class allegations. ECF No. 41 at 5-7. He states that "Rule 12(c) is an improper vehicle for Secore's motion because the requested relief is limited to class allegations, not a full claim or cause of action asserted in the pleadings. The motion for judgment on the pleadings must be denied." *Id.* at 7. But that argument mischaracterizes the relief sought—Defendant seeks a judgment dismissing the class allegations in their entirety. ECF No. 42 at 3. Plaintiff also ignores examples of district courts in the Third Circuit analyzing class allegations under Rule 12(c). *See, e.g., Trunzo v. Citi Mortg.*, No. 2:11-CV-01124, 2014 WL 1317577, at *15 (W.D. Pa. Mar. 31, 2014); *White v. Rick Bus Co.*, 743 F. Supp. 2d 380, 384 (D.N.J. 2010). Accordingly, Rule 12(c) is an appropriate procedural vehicle to rule that Plaintiff does not have standing to sue the putative defendant class, discussed *infra*.

## IV.   STANDARD OF REVIEW

Article III of the Constitution "gives the federal courts jurisdiction over only 'cases and controversies,' and the doctrine of standing serves to identify those disputes which are appropriately resolved through the judicial process." *Whitmore v. Arkansas*, 495 U.S. 149, 154–55, (1990). The "irreducible constitutional minimum of standing" requires an injury in fact, a causal connection between the injury and the conduct complained, and redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). The party invoking jurisdiction bears the burden of establishing the elements and must support such elements "with the manner and degree of evidence required at the successive stages of litigation." *Id.* at 561. "[A] plaintiff must demonstrate standing for each claim he seeks to press," *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 335 (2006), and "[t]he burden of establishing standing rests with the plaintiff," *Knudsen v. MetLife Grp., Inc.*, 117 F.4th 570, 576 (3d Cir. 2024).

"At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for [] we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *Lujan*, 504 U.S at 561 (quotation omitted). To plead a facially plausible claim, the plaintiff must allege factual content that allows the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts as true the factual allegations contained in the complaint but "disregard[s] rote recitals of the elements of a cause of action, legal conclusions, and [] conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012).

Standing is a "threshold inquiry" that is distinct from class certification. *Hassine v. Jeffes*, 846 F.2d 169, 176 (3d Cir. 1988). An action must be dismissed for lack of jurisdiction if there is no standing. *Finkelman v. Nat'l Football League*, 810 F.3d 187, 195 (3d Cir. 2016). "[T]he proper disposition of a case in which the putative class plaintiff lacks standing is to dismiss the complaint." *Hassine*, 846 F.2d at 176; *See O'Shea v. Littleton*, 414 U.S. 488, 494 n.3 (1974) ("There was no class determination in this case as the complaint was dismissed on grounds [the absence of standing] which did not require that determination to be made.")

"The requirements for standing do not change in the class action context. [N]amed plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 634 (3d Cir. 2017) (quotation omitted) (alteration in original). "That a suit may be a class action [] adds nothing to the question of standing." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976). Only after standing has been established can the Court proceed to class certification.

The Court notes that the Plaintiff pursues this present action through an exceedingly uncommon form of litigation—the defendant class action.[2] The infrequency of defendant class actions leaves the Court with scarce caselaw for guidance, particularly in the Third Circuit. Extreme caution is warranted in proceeding with defendant class actions. "Serious due process concerns arise whenever certification of a defendant class is sought because it potentially leads to liability while limiting their individual participation in the litigation." *Heffler v. U.S. Fid. & Guar. Ins. Co.*, Civ.. A. No. 90-7126, 1992 WL 50095, at *4 (E.D. Pa. Mar. 10, 1992).

The Defendant's Motion challenges Plaintiff's standing to bring the class action in addition to failing to meet the certification requirements under Rule 23. As the Court finds there is no standing as to the class, it will not address the inadequacies alleged pursuant to Rule 23.

Given the rarity of defendant class actions, it is unsurprising that the caselaw on this issue is sparse. Limited caselaw on standing in defendant class actions, however, does not hinder the Court's ability to conduct the same standing analysis that it completes for any other case. Because

---

[2] The Seventh Circuit described the rarity of the defendant class action: "suits against defendant classes [] are rare birds. We have called them 'exceptional,' *Channell v. Citicorp National Services, Inc.,* 89 F.3d 379, 387 (7th Cir.1996), and Professor Coffee has with harmless exaggeration called them 'as rare as unicorns.' John C. Coffee, Jr., *Class Action Accountability: Reconciling Exit, Voice, and Loyalty in Representative Litigation*, 100 COLUM. L.REV. 370, 388 (2000)." *CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 853 (7th Cir. 2002), amended (July 31, 2002).

While rare, the Rules seem to permit defendant class actions. *See* Fed. R. Civ. P. 23(a) ("One or more members of a class may *sue or be sued* as representative parties on behalf of all members. . . .") (emphasis added). But the language of Rule 23 is not clear, leading to differing treatment among the circuits. *Brown v. Kelly*, 609 F.3d 467, 477, 477 n.8 (2d Cir. 2010) (whether defendant classes can be certified under Rule 23(b)(2) "does not admit of an easy answer") (collecting cases).

Examples where a defendant class action may be appropriate are local government officials acting under a state-wide policy, *see, e.g.*, *Brown*, 609 F.3d at 471; *Nelson v. Warner*, 336 F.R.D. 118, 121 (S.D.W. Va. 2020); *Mental Disability Law Clinic v. Hogan*, 2008 WL 4104460, at *3 (E.D.N.Y. Aug. 29, 2008), certain securities cases, *see, e.g.*, *In re Itel Sec. Litig.*, 89 F.R.D. 104, 114 (N.D. Cal. 1981) (certifying defendant class of underwriters); but see *Akerman v. Oryx Commc'ns, Inc.*, 609 F. Supp. 363, 375-76 (S.D.N.Y. 1984) (noting that no unified policy linked defendant underwriters sufficient to support class certification), aff'd, 810 F.2d 336 (2d Cir. 1987)), and intellectual property, *see, e.g.*, *Tilley v. TJX Cos., Inc.*, 345 F.3d 34, 36 (1st Cir. 2003); *Contra Piracy v. Does*, 1-2919, 2013 WL 2403589, at *1 (N.D. Cal. May 31, 2013); *Webcraft Techs., Inc. v. Alden Press, Inc.*, 1985 WL 2270, at *1 (N.D. Ill. Aug. 9, 1985)).

Plaintiff has failed to establish standing in this case against defendants other than Secore, discussed *infra*, the class certification analysis in unnecessary.[3]

## V.    DISCUSSION

Count IV (Negligence) against Secore and the defendant class is the sole remaining claim in this case after the claims against Progressive were dismissed. ECF Nos. 25, 26. Prior to any class certification, Plaintiff must demonstrate he has standing to sue defendants as a "threshold" issue. *Hassine*, 846 at 176. Here, Plaintiff has failed to establish standing on the pleadings and no amount of discovery will demonstrate that the named Plaintiff has standing to sue the members of the putative class. As such, the Court grants the Rule 12(c) motion for judgment on the pleadings. The putative defendant class is terminated as a party in this case.

Alexander, the named Plaintiff, was involved in a car crash with Secore, the named Defendant. Yet somehow, Alexander seeks to maintain an action against a class of defendants who were involved in different crashes injuring different individuals simply because Plaintiff was not given the full amount in damages he requested. This stretches the constitutional requirements of standing articulated in *Lujan* beyond recognition. The Court will not strain the common-sense

---

[3] Even if Plaintiff established standing to sue the defendant class, the Court would then dismiss the claim as to the defendant class under Rule 23(d)(1)(D). The dismissal would be appropriate on the pleadings without the discovery Plaintiff requests. *See*, *e.g.*, *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim. . . ."). Striking the class allegations is appropriate where "no amount of discovery will demonstrate that the class can be maintained." *Semenko v. Wendy's Int'l, Inc.*, No. 2:12-cv-0836, 2013 WL 1568407, at *11 (E.D. Pa. Apr. 12, 2013)
   In the present putative defendant class action, the defendant class allegations fail to meet the requirements of Rule 23, which is evident from the pleadings alone. The Court finds fatal flaws with nearly all the Rule 23(a) requirements that would merit dismissal of the class allegations.
   The Court will exercise restraint and not generate unnecessary dicta on the complicated topic of defendant class actions since the lack of standing resolves this case. *See Clark v. McDonald's Corp.*, 213 F.R.D. 198, 217-221 (D.N.J. 2003) (summarizing the of treatment of defendant class actions in sister circuits and treatises as well as listing the caselaw to date in the Third Circuit). To that end, the Court would dismiss the class allegations on the same reasoning as *Clark* on the typicality requirement of Rule 23(a)(3). *Id.* at 221 ("[T]he 'typicality' requirement of Rule 23(a)(3) prohibits the maintenance by Plaintiff [] of a Rule 23(b)(3) class action in damages against [defendants] against whom he enjoys no cause of action in his own right.").

application of the Article III standing to allow Plaintiff to use this simple crash to sue untold others using a mechanism with profound due process concerns.

A plaintiff cannot maintain an action against a defendant that did not injure him. *Simon,* 426 U.S. at 40 n.20. While "general factual allegations of injury resulting from the defendant's conduct may suffice [at the pleading stage]," Alexander provides no allegations that the defendant class injured him personally in this negligence claim. *Knudsen*, 117 F.4th at 576. Alexander was allegedly injured by Secore in the car crash. No one else was involved. Ignoring the Article III requirements of injury that create the case or controversy would convert this simple tort claim between two individuals into complex litigation with profound ramifications for the due process rights of others.

In his Response, Plaintiff quotes Third Circuit caselaw to argue that the "law in the Third Circuit is unambiguous: unnamed, putative class members need not establish Article III standing." ECF No. 41 at 21-24 (quotation omitted). Each citation provided is an example of the more typical plaintiff class action. None discuss Plaintiff's requirement to establish Article III standing over unnamed defendant class members. Removing these quotations from the context of a plaintiff class action contorts Article III standing.

Rather than looking to quotations from inapposite caselaw in the Third Circuit, the Court finds the persuasive authority of a sister circuit in *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) directly on point and convincing. Plaintiff's "proposed interpretation of Article III—that it permits suits against non-injurious defendants as long as one of the defendants in the suit injured the plaintiff—is unprecedented." *Id.* This Court agrees and will not adopt Plaintiff's interpretation of Article III standing.

8

Plaintiff's argument that a class action is appropriate is telling: "[t]he only issue is Progressive's uniform policy of denying diminution in value claims. . . ." ECF No. 41 at 19. Progressive is no longer a party in this case. ECF Nos. 25, 26.[4] Alexander has standing to sue Secore and can litigate the damages he believes he is entitled to from Secore. But Alexander cannot use this negligence claim against Secore to seek damages from a party that was dismissed as a defendant or a whole class of defendants who did not cause him any injury.

Since Plaintiff has no standing against the defendant class which is evident on the pleadings, the class allegations in the Complaint cannot lie.

## VI.   CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings (ECF No. 36) is **GRANTED,** and the negligence claim against the defendant class is dismissed for lack of standing. The case will now be re-scheduled for the judicial arbitration previously ordered. An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney

_____

**CHAD F. KENNEY, JUDGE**

---

[4] Even so, Plaintiff's Response to the Motion mentions "Progressive" one hundred times. ECF No. 41.